998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David A. FLORES, Defendant-Appellant.
 No. 92-3204.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1993.*
Decided July 9, 1993.
 
 Before MANION and ILANA DIAMOND ROVNER, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 A federal grand jury returned a four-count indictment against David A. Flores, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute phencyclidine ("PCP") in violation of 21 U.S.C. § 841(a)(1); using and carrying a firearm during the commission of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1); and use of a minor to avoid detection and apprehension for a drug offense in violation of 21 U.S.C. § 861(a)(2). After a one-day bench trial, Judge Marovich found Flores guilty on each count and sentenced him to 218 months' incarceration. Flores seeks reversal of the conviction on two grounds: that the evidence was insufficient (a) to prove that the drugs in his possession were intended for distribution and (b) to prove that he possessed a firearm. We affirm.
 
 I. BACKGROUND
 
 2
 On the afternoon of April 20, 1991, Flores, a leader in a Cicero gang called the "2-2 Boys," met his friend, Steven Gonsalez, a fifteen-year-old member of the gang. According to Gonsalez, Flores had a glass jar full of "wickie sticks"--marijuana cigarettes soaked in PCP--and a .25 caliber pistol. Tr. 45, 48. During the course of the afternoon, Flores shared a PCP cigarette with Gonsalez. Later, Flores and Gonsalez drove with another friend to the lakefront in Chicago. Tr. 48-51. Before leaving, however, Flores hid his gun and jar of wickie sticks inside an abandoned building, but kept at least one wickie stick which he shared with his friends at the lake front. Id. After a night of "gang-banging" (slang for "causing trouble" Tr. 44), Flores and Gonsalez returned to Cicero, retrieved the gun and jar of wickie sticks from the abandoned building and proceeded to share another PCP cigarette. The two men left the building to call a cab at about 7:00 Sunday morning.
 
 
 3
 As they crossed the street, Officer Anthony Mazza, who was patrolling the area, noticed the two men and pulled over toward them. When he asked Flores and Gonsalez what they were doing, Flores reached for the gun and the jar of PCP, thrust them into Gonsalez's hands, and took off running. Tr. 17, 57-58. Gonsalez followed Flores into an alley, with Officer Mazza in pursuit. Just as Mazza reached Gonsalez, he threw the gun and jar of wickie sticks into a backyard. Tr. 19, 21, 83. Officer Mazza handcuffed Gonsalez, retrieved the contraband, and proceeded to chase and ultimately apprehend Flores.
 
 
 4
 The jar recovered by Officer Mazza contained about a dozen wickie sticks, constituting approximately 3.6 grams of PCP. The gun was loaded with six rounds of ammunition. The parties stipulated that prior to April 21, 1991, the date of the incident in question, Flores had been convicted of felony crimes punishable by imprisonment of more than one year. Tr. 136. It was also stipulated that the gun recovered by Officer Mazza had traveled in interstate commerce and was in working order when recovered. Id. Lastly, the parties stipulated that on April 21, 1991, Gonsalez was fifteen years old and Flores was twenty. At trial before the bench, Gonsalez testified against Flores, despite warnings Gonsalez received against testifying.
 
 II. ANALYSIS
 
 5
 Flores argues that the evidence was insufficient to support the conclusion that the drugs in his possession were intended for distribution or that he possessed the handgun. On a challenge to the sufficiency of the evidence, the defendant bears a heavy burden. If after viewing the evidence and all inferences reasonably drawn from that evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," we must uphold the conviction. Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Larkin, 978 F.2d 964, 971 (7th Cir.1992), cert. denied, 113 S.Ct. 1323 (1993).
 
 
 6
 Generally, before this court may review a sufficiency challenge under this standard, however, the defendant must establish compliance with Federal Rule of Criminal Procedure 29(c). Anyone who wants to preserve a challenge to the sufficiency of the evidence on appeal must have renewed a motion for judgment of acquittal either at the close of all the evidence or via a post-trial motion within the seven-day period prescribed by Rule 29(c). United States v. Pless, 982 F.2d 1118, 1122 (7th Cir.1992) (citing United States v. James, 923 F.2d 1261, 1267 (7th Cir.1991)). Noncompliance with Rule 29(c) constitutes waiver of a sufficiency claim on appeal and reversal of a conviction for insufficient evidence is allowed only if the defendant demonstrates a manifest miscarriage of justice. Id.; see also United States v. Teague, 956 F.2d 1427, 1433 (7th Cir.1992); United States v. Berardi, 675 F.2d 894, 902 n. 16 (7th Cir.1982). The government argues that the same strict compliance with Rule 29 is required in cases tried before the bench (as was this one) as cases tried to a jury. A plea of not guilty in a bench trial, however, is the functional equivalent of a motion for acquittal in a jury trial. As this court stated in United States v. Hon, 306 F.2d 52, 54 (7th Cir.1962), "there can be little or no need for a formal motion for a judgment of acquittal in a criminal case tried to a court without a jury upon the defendant's plea of not guilty. The plea of not guilty asks the court for a judgment of acquittal, and a motion to the same end is not necessary." Id., overruled on other grounds by, United States v. Snow, 507 F.2d 22, 26 (7th Cir.1974). Therefore, the failure to make a motion for acquittal in a bench trial will not impede an appeal on the grounds of insufficient evidence. Accordingly, we need not address whether recall of the government's witness by the defense solely for the purpose of impeachment after denial of the motion for a judgment of acquittal constitutes "continued cross-examination, rather than evidence presented on the defendant's behalf" thereby negating the doctrine of waiver. Reply Br. at 3. In any event, this issue need not be resolved in this case, because under either standard of review the convictions must be sustained.
 
 A. Intent to Distribute PCP
 
 7
 The defendant argues that the 3.6 grams of PCP found in his possession were solely for personal use and that there was no evidence that he intended to distribute it. Absent any direct evidence of Flores' intent to distribute drugs, we look to whether there was sufficient circumstantial evidence to prove such intent beyond a reasonable doubt. See United States v. Tanner, 941 F.2d 574, 587 (7th Cir.1991), cert. denied, 112 S.Ct. 1190 (1992). We agree with Flores that a small quantity of a controlled substance may be as indicative of personal use as distribution; thus, it alone is an insufficient basis from which to infer intent to distribute. Id.; United States v. Garrett, 903 F.2d 1105, 1113 (7th Cir.), cert. denied, 498 U.S. 905 (1990). In cases involving small quantities of drugs, however, the intent to distribute may be inferred from other indicia of drug distribution such as evidence of its packaging consistent with distribution, of its resale value, and of possession of a weapon. Tanner, 941 F.2d at 586-87.
 
 
 8
 When viewed in the light most favorable to the government, the evidence is sufficient to support an inference of intent to distribute despite the relatively small quantity of PCP. The PCP in Flores' possession was packaged in individual tinfoil packets and stored in a glass jar, a manner consistent with street level distribution.[2] Tr. 64, 130-31. Moreover, a loaded pistol was recovered along with the jar of wickie sticks which, as discussed below, the court appropriately attributed to Flores. The court also heard testimony from the arresting agent and from Flores' cellmate that Flores had admitted to previous drug distributions and had inquired why the "feds" were interested in him since he only sold in small quantities. Tr. 94-96, 102. Although this evidence does not directly implicate Flores in distribution of the 3.6 grams underlying his conviction, it nonetheless is evidence from which the court may reasonable infer Flores' intent to distribute. United States v. Binkley, 903 F.2d 1130, 1137 (7th Cir.1990) (prior acts of drug trafficking admissible to rebut claim that defendant had possessed marijuana solely for personal use).
 
 
 9
 B. Firearm conviction.
 
 
 10
 To support a conviction under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that (1) the defendant had a previous felony conviction, (2) the defendant possessed a firearm, and (3) the firearm had travelled in or affected interstate commerce. Garrett, 903 F.2d at 1110. Here, the parties stipulated to the first and third elements, leaving only the question of whether Flores possessed the handgun. Viewing the evidence in the light most favorable to the government, we must affirm the conviction if any rationale trier of fact could have found that the defendant possessed the weapon in question. See Jackson, 443 U.S. at 319. Both Gonsalez and Officer Mazza testified that Flores possessed a .25 caliber pistol on April 21, 1991. Gonsalez stated that Flores thrust both the gun and the jar of wickie sticks into his hands before fleeing from the officer. Tr. 57-8. Gonsalez testified that he also ran and that he tossed the gun and the drugs into a backyard before he was apprehended. Gonsalez's testimony was corroborated by Officer Mazza. Tr. 17. The credibility of this testimony and any discrepancies it may have contained were for the trier of fact to resolve, which this court will not disturb unless the testimony is "inherently unbelievable." United States v. Kelly, No. 92-3268, slip op. at 12 (7th Cir. April 22, 1993); Binkley, 903 F.2d at 1134. The defendant has pointed to nothing inherently unbelievable in either witness's testimony, therefore, we find no reason to disturb the verdict.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [2]
 Flores' attempt to attack Agent MacIssac's testimony regarding common practices in drug trafficking as ambiguous and conclusory is unpersuasive given the deference afforded the trial judge in this regard. United States v. Reiswitz, 941 F.2d 488, 493 (7th Cir.1991) (an appellate court will not assess the credibility of witnesses or reweigh the evidence)